# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANRRIQUE MARTINEZ MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>Respondents. | Case No. 1:26-cv-00807-JLT-EPG-HC<br><br>ORDER DIRECTING RESPONDENT TO INFORM COURT REGARDING PETITIONER'S CURRENT CUSTODY STATUS |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that challenges his prolonged immigration detention absent a bond hearing. (ECF No. 1.)

On February 11, February 12, February 23, and March 18, 2026, court documents were returned as undeliverable with notations that Petitioner was released. After Respondents missed the original response deadline of March 5, 2026, the Court granted a single *sua sponte* extension, and Respondents filed a response on March 13, 2026. (ECF Nos. 10, 11.) Therein, Respondents request the Court to deny the petition because Petitioner "is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)" and "is not entitled to a bond hearing." (ECF No. 11 at 1, 2.)

A search of the U.S. Immigration and Customs Enforcement's ("ICE") Online Detainee Locator System using Petitioner's A-Number produces zero results. See ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Mar. 18, 2026).

The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Based on ICE's Online Detainee Locator System, it appears that Petitioner is no longer in ICE custody and may have been released from custody, which could moot his pending habeas petition. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently released from immigration custody, "thereby curing his complaints about the length of his INS detention").

Accordingly, IT IS HEREBY ORDERED that within seven (7) days of the date of service of this order, Respondent SHALL inform the Court of Petitioner's current custody status and file any supporting documentation.

IT IS SO ORDERED.

Dated:   **March 18, 2026**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE