# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOSE MANRRIQUE MARTINEZ MARTINEZ,

Petitioner,

v.

WARDEN, et al.,

Respondents.

Case No. 1:26-cv-00807-JLT-EPG-HC

FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT

ORDER DISCHARGING ORDER TO SHOW CAUSE AND DECLINING TO IMPOSE SANCTIONS

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As Petitioner has been removed from the United States, the undersigned recommends the petition be dismissed as moot.

**I.**

**BACKGROUND**

On January 30, 2026, Petitioner filed the instant petition for writ of habeas corpus raising a prolonged detention due process claim. (ECF No. 1.) After Respondents missed the original response deadline of March 5, 2026, the Court granted a single *sua sponte* extension, and Respondents filed a response on March 13, 2026. (ECF Nos. 10, 11.) Therein, Respondents request the Court to deny the petition because Petitioner "is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)" and "is not entitled to a bond hearing." (ECF No. 11 at 1, 2.)

On February 11, February 12, February 23, and March 18, 2026, court documents were returned as undeliverable with notations that Petitioner was released. As a search of the U.S.

1

Immigration and Customs Enforcement's ("ICE") Online Detainee Locator System using Petitioner's A-Number produced zero results, on March 18, 2026, the Court ordered Respondents to inform the Court of Petitioner's custody status within seven days. (ECF No. 12.) Respondents failed to follow the Court's March 18, 2026 order, and on April 3, 2026, the Court issued an order to show cause why sanctions should not be imposed and ordered Respondents to inform the Court of Petitioner's custody status. (ECF No. 13.)

On April 3, 2026, Respondents filed a status report that "Petitioner was released from custody on February 3, 2026." (ECF No. 14.) On April 10, 2026, Respondents filed a response to the order to show cause. (ECF No. 15.)

## II.

## DISCUSSION

The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner challenges his prolonged immigration detention. Petitioner was released from custody on February 3, 2026. As Petitioner is no longer in federal immigration custody, he is not suffering from an actual injury traceable to Respondents and likely to be redressed by a favorable judicial decision. Accordingly, the Court recommends finding that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

\\\

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as MOOT.

Further, the Court DISCHARGES the April 3, 2026 order to show cause and declines to impose sanctions.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 13, 2026**                              /s/ Erica P. Grosjean
                                                       UNITED STATES MAGISTRATE JUDGE